BLAKE J. RUSSUM (SBN 258031)
NORMAN LAU (SBN 253690)
LAUREN BIRKENSTOCK (SBN 319033)
ROPERS MAJESKI PC
801 South Figueroa Street, Suite 2100
Los Angeles, California 90017
Telephone:  213.312.2000
Facsimile:  213.312.2001
Email:      blake.russum@ropers.com
            norman.lau@ropers.com
            lauren.birkenstock@ropers.com

Attorney for Defendant
GENERAL INSURANCE COMPANY OF
AMERICA

SIMON P. ETAHAD
KIRK S. COMER
ERIK F. HARPER
ETEHAD LAW, APC
150 South Rodeo Drive, Suite 350
Beverly Hills, CA 90212
Telephone:  310.550.1220
Email:      simon@etehadlaw.com
            kirk@etehadlaw.com
            erik@etehadlaw.com

JAY J. ELLIOTT
THOMAS & ELLIOTT LLP
12424 Wilshire Blvd, 9th Floor
Los Angeles, CA 90025
Telephone:  310.571.2727
Email:      jay@thomasandelliott.com

Attorneys for Plaintiffs
FARID SAGHIZADEH, EDNA
SAGHIZADEH a/k/a EDNA YOURSHALMI
And JOSHUA SAGHIZADEH

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FARID SAGHIZADEH, an individual; EDNA SAGHIZADEH, a/k/a EDNA YOURSHALMI, an individual; and JOSHUA SAGHIZADEH, an individual; | Case No. 2:25-cv-00535-SPG-PDx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(PD VERSION)** |

- 1 -

ROPERS MAJESKI
A Professional Corporation
Los Angeles

|                              | |
|------------------------------|---|
| Plaintiffs,                  | ☒ Check if submitted without |
| v.                           | material modifications to PD form |
| GENERAL INSURANCE CO. OF AMERICA, and, DOES 1-25, inclusive, | |
| Defendants.                  | |

1. <u>INTRODUCTION</u>

    1.1    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    <u>GOOD CAUSE STATEMENT</u>

Good cause exists for the entry of this pretrial protective order because this breach of contract and bad faith action between an insurance carrier and its insured will likely result in discovery and exchange of confidential and proprietary material including, but not limited to: (1) confidential financial

- 2 -

STIPULATED PROTECTIVE ORDER
2:25-CV-00535-SPG-PD

and business data belonging to and/or regarding Plaintiffs; and (2) private and confidential information belonging to and/or regarding Plaintiffs' counsel. Disclosure of such confidential and private information absent a protective order will unnecessarily result in irreparable harm to the individuals and entities that would otherwise be entitled to protections offered by this protective order.

2.    DEFINITIONS

2.1    Action: *Farid Saghizadeh; Edna Saghizadeh, a/k/a Edna Yourshalmi; and Joshua Saghizadeh v. General Insurance Company Of America*, United States District Court, Central District of California, Western District, Case Number 2:25-cv-00535-SPG-PD.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4897-9283-5191.1

STIPULATED PROTECTIVE ORDER
2:25-CV-00535-SPG-PD

2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    <u>House Counsel</u>:  attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

///

///

- 4 -

A Professional Corporation
Los Angeles

ROPERS
MAJESKI

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which

- 5 -

ROPERS
MAJESKI
A Professional Corporation
Los Angeles

protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.

ROPERS
MAJESKI

A Professional Corporation
Los Angeles

During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

///

///

///

- 7 -

ROPERS
MAJESKI
A Professional Corporation
Los Angeles

1      6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

2      6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

3 designation of confidentiality at any time that is consistent with the Court's

4 Scheduling Order.

5      6.2   <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute

6 resolution process (and, if necessary, file a discovery motion) under Local Rule

7 37.1 et seq.

8      6.3   The burden of persuasion in any such challenge proceeding will be

9 on the Designating Party.  Frivolous challenges, and those made for an

10 improper purpose (e.g., to harass or impose unnecessary expenses and

11 burdens on other parties) may expose the Challenging Party to sanctions.

12 Unless the Designating Party has waived or withdrawn the confidentiality

13 designation, all parties will continue to afford the material in question the

14 level of protection to which it is entitled under the Producing Party's

15 designation until the Court rules on the challenge.

16 7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

17      7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material

18 that is disclosed or produced by another Party or by a Non-Party in connection

19 with this Action only for prosecuting, defending, or attempting to settle this

20 Action.  Such Protected Material may be disclosed only to the categories of

21 persons and under the conditions described in this Order. When the Action

22 has been terminated, a Receiving Party must comply with the provisions of

23 section 13 below (FINAL DISPOSITION).

24      Protected Material must be stored and maintained by a Receiving Party

25 at a location and in a secure manner that ensures that access is limited to the

26 persons authorized under this Order.

27      7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

28 otherwise ordered by the court or permitted in writing by the Designating

- 8 -

STIPULATED PROTECTIVE ORDER
2:25-CV-00535-SPG-PD

ROPERS
MAJESKI

A Professional Corporation
Los Angeles

ROPERS
M A J E S K I

A Professional Corporation
Los Angeles

1   Party, a Receiving Party may disclose any information or item designated
2   "CONFIDENTIAL" only to:

3       (a)  the Receiving Party's Outside Counsel of Record in this Action,
4   as well as employees of said Outside Counsel of Record to whom it is
5   reasonably necessary to disclose the information for this Action;

6       (b)  the officers, directors, and employees (including House Counsel)
7   of the Receiving Party to whom disclosure is reasonably necessary for this
8   Action;

9       (c)  Experts (as defined in this Order) of the Receiving Party to whom
10  disclosure is reasonably necessary for this Action and who have signed the
11  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12      (d)  the Court and its personnel;

13      (e)  court reporters and their staff;

14      (f)  professional jury or trial consultants, mock jurors, and
15  Professional Vendors to whom disclosure is reasonably necessary for this
16  Action and who have signed the "Acknowledgment and Agreement to Be
17  Bound" (Exhibit A);

18      (g)  the author or recipient of a document containing the information
19  or a custodian or other person who otherwise possessed or knew the
20  information;

21      (h)  during their depositions, witnesses, and attorneys for witnesses,
22  in the Action to whom disclosure is reasonably necessary provided: (1) the
23  deposing party requests that the witness sign the form attached as Exhibit A
24  hereto; and (2) they will not be permitted to keep any confidential information
25  unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit
26  A), unless otherwise agreed by the Designating Party or ordered by the court.
27  Pages of transcribed deposition testimony or exhibits to depositions that
28  reveal Protected Material may be separately bound by the court reporter and

- 9 -

4897-9283-5191.1

1  may not be disclosed to anyone except as permitted under this Stipulated
2  Protective Order; and

3          (i)  any mediator or settlement officer, and their supporting
4  personnel, mutually agreed upon by any of the parties engaged in settlement
5  discussions.

6  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
7  IN OTHER LITIGATION

8          If a Party is served with a subpoena or a court order issued in other
9  litigation that compels disclosure of any information or items designated in
10  this Action as "CONFIDENTIAL," that Party must:

11          (a)  promptly notify in writing the Designating Party. Such
12  notification will include a copy of the subpoena or court order;

13          (b)  promptly notify in writing the party who caused the subpoena or
14  order to issue in the other litigation that some or all of the material covered
15  by the subpoena or order is subject to this Protective Order.  Such notification
16  will include a copy of this Stipulated Protective Order; and

17          (c)  cooperate with respect to all reasonable procedures sought to be
18  pursued by the Designating Party whose Protected Material may be affected.

19          If the Designating Party timely seeks a protective order, the Party
20  served with the subpoena or court order will not produce any information
21  designated in this action as "CONFIDENTIAL" before a determination by the
22  court from which the subpoena or order issued, unless the Party has obtained
23  the Designating Party's permission.  The Designating Party will bear the
24  burden and expense of seeking protection in that court of its confidential
25  material and nothing in these provisions should be construed as authorizing
26  or encouraging a Receiving Party in this Action to disobey a lawful directive
27  from another court.

28

4897-9283-5191.1

ROPERS
MAJESKI

A Professional Corporation
Los Angeles

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.   Absent a court order to the

contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

- 12 -

ROPERS MAJESKI

A Professional Corporation
Los Angeles

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

ROPERS
M A J E S K I

A Professional Corporation
Los Angeles

1  trial, deposition, and hearing transcripts, legal memoranda, correspondence,

2  deposition and trial exhibits, expert reports, attorney work product, and

3  consultant and expert work product, even if such materials contain Protected

4  Material.  Any such archival copies that contain or constitute Protected

5  Material remain subject to this Protective Order as set forth in Section 4

6  (DURATION).

7  14.    Any willful violation of this Order may be punished by civil or criminal

8  contempt proceedings, financial or evidentiary sanctions, reference to

9  disciplinary authorities, or other appropriate action at the discretion of the

10  Court.

11

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14                    ETEHAD LAW, APC

15

16  DATED:  November 5, 2025        /s/ Erik F. Harper_____
                                   Simon P. Etehad
17                                 Kirk S. Comer
                                   Erik F. Harper
18                                 Attorneys for Plaintiffs
                                   FARID SAGHIZADEH; EDNA
19                                 SAGHIZADEH, A/K/A EDNA
                                   YOURSHALMI; AND JOSHUA
20                                 SAGHIZADEH

21

22                    THOMAS & ELLIOTT LLP

23

24  DATED:  November 5, 2025        /s/ Jay J. Elliott_____
                                   Jay J. Elliott
25                                 Attorneys for Plaintiffs
                                   FARID SAGHIZADEH; EDNA
26                                 SAGHIZADEH, A/K/A EDNA
                                   YOURSHALMI; AND JOSHUA
27                                 SAGHIZADEH

28

- 14 -

STIPULATED PROTECTIVE ORDER
2:25-CV-00535-SPG-PD

ROPERS
MAJESKI
A Professional Corporation
Los Angeles

1

2

3    ROPERS MAJESKI PC

DATED:  November 5, 2025        /s/ Norman Lau
4                                                Blake J. Russum
                                                Norman Lau
5                                                Lauren E. Birkenstock
                                                Attorneys for Defendant
6                                                GENERAL INSURANCE COMPANY
                                                OF AMERICA

7

8

9

10

11    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

12

13

14    DATED: November 07, 2025
                                                _____
15                                                HON. PATRICIA DONAHUE
                                                United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

STIPULATED PROTECTIVE ORDER
2:25-CV-00535-SPG-PD

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____

[**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Saghizadeh v. General Insurance Company of America*, case no. 2:25-CV-00535-SPG-PD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

- 16 -

STIPULATED PROTECTIVE ORDER
2:25-CV-00535-SPG-PD

ROPERS
**M A J E S K I**

A Professional Corporation
Los Angeles